Kern, Leila R., J.
In December of 2010, the grand juiy returned twelve (12) indictments against the defendant, charging him with two counts of rape, four counts of indecent assault and battery on a person over the age of fourteen, three counts of intimidation of a witness, one count of assault and battery, one count of accosting a person of the opposite sex, and one count of open and gross lewdness. There are three alleged victims of the conduct involved in the indictments. The defendant now moves for the court to order separate trials on indictments 001, 002, 003, 004, 005, 010, Oil, 012, and 006, 007, 008, 009. For the reasons contained herein, the motion is DENIED.
BACKGROUND
The defendant was employed by the Wayside Inn as the supervisor of the dishwashing staff since 1998.[1] Each of the three alleged victims were employees of the Wayside Inn who worked under the defendant’s supervision. With respect to Jane[2] the defendant maintains that his relationship with her was entirely consensual and she only made accusations of rape once he had ended their romantic relationship. Jane, however, claims that in February, March and June of 2009, the defendant sexually assaulted her and had sexual intercourse with her against her will. Jane went to the police but later decided not to go through with the matter because the defendant allegedly threatened her family and gave her money to stop with the proceedings. The second and third victims, Sarah and Michelle, both allege that the defendant sexually assaulted them in the workplace.
STANDARD OF REVIEW
If a defendant is charged with two or more related offenses, a “trial judge shall join the charges for trial unless he determines that joinder is not in the best interests of justice.” Mass.R.Crim.P. 9(a)(3). Two or more offenses are related “if they are based on the same criminal conduct or episode or arise out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan.” Mass.R.Crim.P 9(a)(1). “The propriety of joining offenses for a single trial often turns on whether the evidence of the other offense(s) could be admissible in separate trials on each offense.” Commonwealth v. Pillai, 445 Mass. 175, 180 (2005). Evidence of criminal propensity is inadmissible in separate trials and “joint trial of offenses is improper if it will have the same effect.” Commonwealth v. Hoppin, 387 Mass. 25, 32-33 (1982). Evidence may, however, “be admissible for other purposes, such as ‘to show a common scheme or pattern of operation.’ ” Pillai, 445 Mass. at 181, quoting Commonwealth v. Gaynor, 443 Mass. 245, 260 (2005). Joinder is a matter to be resolved by the discretion of the trial judge. Commonwealth v. Montanez, 410, Mass. 290, 303 (1991).
DISCUSSION
The Supreme Judicial Court has held that offenses are related if the evidence “in its totality shows a common scheme and pattern of operation that tends to prove all the indictments.” Commonwealth v. Feijoo, 419 Mass. 486, 494-95 (1995). The court provides guidance in Commonwealth v. Mamay, wherein the indictments relating to four victims were joined for trial. Commonwealth v. Mamay, 407 Mass. 412, 413 (1990). In Mamay, a gynecologist was charged with six (6) counts of criminal sexual conduct, including indecent assault and battery, and rape. Id. In each incident, the complainants were patients of the defendant. Id. The court held that the evidence showed that the defendant “used his position of authority and trust to commit sexual crimes upon the female patients visiting his office.” Id. at 416. Furthermore, the court determined that minor factual differences in the nature of the offenses were irrelevant when “there [was] such similarity in the method by which the defendant committed the various offenses.” Id. at 417. Also, the fact that the incidents occurred over a span of eight (8) months did not indicate that the offenses were unrelated when the method and facts were so similar as to show a common scheme. Id.
The present case is similar to Mamay in several ways. First, the relationship between the defendant and the complainants is similar because the defendant here had authority over the employees he supervised, including the complainants. Second, there are factual similarities among the incidents.[3] The incidents all involve allegations of criminal sexual conduct and there are repeated instances of the defendant touching a complainant’s buttocks and undoing his pants and forcing himself on the complainants. The fact that there is a range in the iypes of sexual conduct does not prove that the incidents are unrelated. Finally, these incidents take place over about 14 months. *600 Although it is longer than the eight (8) months in Mamay, the court was clear in stating that some distance in time does not indicate that the offenses are unrelated if the method and facts of the incidents are similar and show a common scheme. Id. Therefore, it is proper for all of the indictments to be joined for trial.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Relief from Prejudicial Joinder is DENIED.

It is unclear when his employment was terminated but it seems that he worked there through at least June of 2010.

Nile pseudonyms “Jane," “Sarah,” and “Michelle" will be used to identify the three victims in this matter.

Defendant maintains that his relationship with Jane was romantic and consensual and is thus clearly different and severable from the allegations of the other two victims. However, the evidence tends to show that the defendant entered into all of his sexual encounters or relationships by way of his relationship with the complainants and his power over them, regardless of whether the encounters were consensual or nonconsensual. The defendant’s burden, however, is “not satisfied by a showing merely that [his] chances for acquittal would have been better had the [complaints] been tried separately.” Commonwealth v. Delaney, 425 Mass. 587, 595 (1997), quoting Commonwealth v. Montanez, 410 Mass. 290, 304 (1991). Rather, the defendant must show that “the prejudice resulting from a joint trial is so compelling that it prevent[ed] [him] from obtaining a fair trial.” Id. quoting Commonwealth v. Clarke, 418 Mass. 207, 217 (1994). In Delaney, the court joined charges of violating a c. 209A order, stalking, and intimidating a witness (all involving the same victim). The jury convicted the defendant on five (5) of the six (6) charges of violating a protective order, but acquitted him on the stalking and intimidation charges, as well as one of the charges of violating a protective order. Clearly, the jury carefully considered the evidence of the case with respect to each crime charged, resulting in a fair trial. The jury in the trial of the instant case wiE likewise be able to weigh the evidence with respect to each crime charged, giving the defendant a fair trial.

See also Commonwealth v. Feijoo, 419 Mass. 486 (2005) (thirteen indictments charging karate teacher with the rape of three of his male students were joined for trial because the evidence showed that the defendant used his position as the students’ teacher “to induce the complainants’ cooperation and submission to his desire for homosexual activity”).